IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

TRAVIS D. ARMISTEAD                                                          PLAINTIFF

vs.                                Civil No. 3:11-cv-03129

MICHAEL J. ASTRUE                                                  DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Travis D. Armistead ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Supplemental Security Income ("SSI") and a period of disability under Title XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable P. K. Holmes, III, referred this case to the Honorable Barry A. Bryant for the purpose of making a report and recommendation. The Court, having reviewed the entire transcript and relevant briefing, recommends the ALJ's determination be **AFFIRMED.**

**1. Background:**

Plaintiff filed his application for SSI on May 12, 2009. (Tr. 10, 64).[1] Plaintiff alleged he was disabled due to pain in his back, hips, right knee and ankle. (Tr. 79). Plaintiff alleged an onset date of October 22, 2005. (Tr. 10). This application was denied initially and again on reconsideration.

---

[1] The docket numbers for this case are referenced by the designation "ECF No." The transcript pages for this case are referenced by the designation "Tr."

(Tr. 51-54, 58-61).

On October 30, 2009, Plaintiff requested an administrative hearing on his application. (Tr. 41). This hearing request was granted, and an administrative hearing was held on May 25, 2010 in Hot Springs, Arkansas. (Tr. 471-498). Plaintiff was present but was not represented by counsel at this hearing. *See id.* Plaintiff agreed to proceed with his hearing without being represented by counsel. *Id.* Plaintiff, Plaintiff's witness Crystal Armistead and Vocational Expert ("VE") Dale Thomas testified at this hearing. *See id.* On the date of this hearing, Plaintiff was twenty-seven (27) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), had a GED. (Tr. 479).

On October 8, 2010, the ALJ entered an unfavorable decision on Plaintiff's application for SSI. (Tr. 10-19). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since May 12, 2009, his alleged onset date. (Tr. 12, Finding 1). The ALJ determined Plaintiff had the severe impairments of arthrosis of the right hip. (Tr. 12, Finding 2). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 13, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 13-17, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. (Tr. 15). Second, the ALJ determined, based upon this review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC to lift ten pounds occasionally; sit for six hours out of an eight-hour work day; stand and walk two hours out of an

eight-hour work day; occasionally climb, balance, stoop, kneel, crouch, and crawl; due to balance problems he cannot work at unprotected heights; and he would be limited to unskilled work where interpersonal contact is incidental to the work performed. (Tr. 13-14, Finding 4). The ALJ also found tasks must be learned by rote and require limited judgment, and Plaintiff would require little supervision for routine tasks but detailed supervision for non-routine tasks. *Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 17, Finding 5). The VE testified at the administrative hearing regarding Plaintiff's PRW and stated Plaintiff had no PRW. (Tr. 493). The ALJ found Plaintiff had no PRW. (Tr. 17, Finding 5).

The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 18, Finding 9). The ALJ based this determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupation such as a production work patcher with approximately 1,500 such jobs in Arkansas and 15,500 such jobs in the nation, credit authorizer with approximately 75 such jobs in Arkansas and 16,000 such jobs in the nation, and charge account clerk with approximately 500 such jobs in Arkansas and 37,000 such jobs in the nation. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from May 12, 2009 through the date of the ALJ's decision. (Tr. 19, Finding 10).

On January 12, 2011, Plaintiff requested the Appeals Council review the ALJ's decision. (Tr. 6-7). *See* 20 C.F.R. § 404.968. On October 14, 2011, the Appeals Council declined to review the ALJ's decision. (Tr. 3-5). On December 7, 2011, Plaintiff filed the present appeal. ECF No. 1. Both parties have filed appeal briefs. ECF Nos. 8, 11. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2008); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See id.; Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. Specifically, Plaintiff claims the ALJ erred by (1) presenting an improper hypothetical question to the VE and (2) failing to give the proper weight to the opinions of a consultative physician. ECF No. 8, Pages 10-18. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 11.

**A. Step 5 Determination**

At Step Five of a disability determination, the SSA has the burden of establishing that a claimant retains the ability to perform other work in the economy. *See Snead v. Barnhart,* 360 F.3d 838, 836 (8th Cir. 2004). The SSA may meet this burden by either applying the Grids or by relying

5

upon the testimony of a VE. *See Cox v. Astrue,* 495 F.3d 614, 621 (8th Cir. 2004) (finding the SSA's denial of benefits was supported by substantial evidence where the VE's testimony was based on a correctly-phrased hypothetical question); *Patrick v. Barnhart,* 323 F.3d 592, 596 (8th Cir. 2003) (finding the SSA's denial of benefits was supported by substantial evidence where the ALJ applied the Grids).

The SSA may not apply the Grids, and must hear testimony from a VE, where a claimant's RFC is significantly diminished by a nonexertional limitation. *See McGeorge v. Barnhart,* 321 F.3d 766, 768-769 (8th Cir. 2003). If, however, the SSA properly determines a claimant's RFC is not significantly diminished by a nonexertional limitation, then the SSA may rely exclusively upon the Grids and is not required to hear the testimony from a VE. *See McGeorge,* 321 F.3d at 768-769.

In this matter, the ALJ heard testimony from a VE regarding Plaintiff's ability to perform work in the national economy. It is generally accepted that VE testimony, in response to a hypothetical question, is substantial evidence if the hypothetical sets forth the credible impairments with reasonable precision. *See Starr v. Sullivan*, 981 F.2d 1006 (8th Cir. 1992). It has further been established the ALJ must only include in the hypothetical those impairments which the ALJ actually finds credible, and not those which he rejects, assuming his findings are supported by substantial evidence. *See Onstad v. Shalala*, 999 F.2d 1232 (8th Cir. 1993).

The ALJ found Plaintiff had the RFC to lift ten pounds occasionally; sit for six hours out of an eight-hour work day; stand and walk two hours out of an eight-hour work day; occasionally climb, balance, stoop, kneel, crouch, and crawl; due to balance problems he cannot work at unprotected heights; and he would be limited to unskilled work where interpersonal contact is incidental to the work performed. (Tr. 13-14, Finding 4). The ALJ also found tasks must be learned by rote and require limited judgment, and Plaintiff would require little supervision for routine tasks but detailed

supervision for non-routine tasks. *Id.*

In response to a hypothetical question containing these limitations, the VE testified work existed in the national economy consistent with the limitations found by the ALJ. (Tr. 493-497). The ALJ found a significant number of jobs existed in the national economy which Plaintiff could perform. (Tr. 18, Finding 9). Relying on the VE testimony, the ALJ found Plaintiff was not under a disability as defined by the Act. (Tr. 19).

At the hearing the ALJ asked a second hypothetical of the VE. (Tr. 496-497). In this second hypothetical, the ALJ asked the VE to assume the same age, education, work experience, and limitations in the first hypothetical, but the ALJ also included that the individual would require unscheduled work breaks of 15 to 20 minutes duration approximately three times per day, in addition to the regularly scheduled customary work breaks. (Tr. 496). In response to this question, the VE stated that there would be no unskilled jobs that the individual could perform. (Tr. 496). Plaintiff argues that because the ALJ's first hypothetical question was defective, the opinions testified by the VE do not constitute substantial evidence. ECF No. 8, Pg. 10-16.

Although the ALJ presented a second hypothetical question, Plaintiff has not set out evidence to support an allegation that he needed to take unscheduled work breaks of 15 to 20 minutes duration three times per day, in addition to the regularly scheduled customary work breaks. Additionally, the ALJ's first hypothetical question is consistent with Plaintiff's RFC assessment. (Tr. 13).

I find the ALJ's hypothetical question properly set forth those limitations the ALJ found credible and which are supported by the evidence of record. *See Haynes v. Shalala*, 26 F.3d 812, 815 (8th Cir. 1994); *Rappoport v. Sullivan*, 942 F.2d 1320, 1322 (8th Cir. 1991) (ALJ need only include in his hypothetical question those impairments he accepts as true). The VE stated jobs existed in both the national and local economy for the vocational profile of the Plaintiff. Such

testimony, based on a hypothetical question consistent with the record, provided substantial evidence to support the ALJ's decision.

### B. Evaluation of Medical Opinions

The ALJ bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff had the RFC for sedentary work with limitations. (Tr. 13-14, Finding 4). Plaintiff claims substantial evidence does not support the ALJ's RFC determination because the ALJ erred in his treatment of the opinions of Dr. Harold Chakales who prepared a consultative report. ECF No. 8, Pgs. 16-17. Defendant argues the ALJ considered the opinions of Dr. Chakales but gave them proper weight based on them being inconsistent with the evidence in the record. ECF No. 11, Pgs, 5-6.

Social Security Regulations and case law state that a treating physician's opinion will be granted "controlling weight," provided it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." *See* SSR 96-2p; *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000)(citing 20 C.F.R. § 404.1527(d)(2)). An ALJ is required to give good reasons for the particular weight given to a treating physician's evaluation. *See Prosch*, 201 F.3d at 1013 (citing 20 C.F.R § 404.1527(d)(2), and SSR 96-2p). An ALJ may disregard the opinion of a treating physician only where other medical assessments "are supported by better or more thorough medical evidence," or where a treating

physician renders inconsistent opinions that undermine the credibility of such opinions. *Id.* at 1013 (quoting *Rogers v. Chater*, 118 F.3d 600, 602 (8th Cir. 1997), and *Cruze v. Chater*, 85 F.3d 1320, 1324-25 (8th Cir. 1996)).

Dr. Chakales is not a treating physician but rather he is a consulting physician. The report of a consulting physician who examined a claimant once does not constitute substantial evidence, except where other medical assessments are not supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions. *Wagner v. Astrue*, 499 F.3d 842, 849 (8th Cir. 2007).

On July 12, 2010, Dr. Chakales preformed a consultative physical examination on Plaintiff. (Tr. 451-459). Dr. Chakales indicated Plaintiff could lift up to 20 pounds, but never carry any weight. (Tr. 452, 454). Dr. Chakales also indicated Plaintiff could only sit, stand, and walk up to one hour in an eight-hour day. (Tr. 455). Dr. Chakales' impression was that Plaintiff had a healed fracture of the left hip, intratrochanteric/subtrochanteric with intramedullary hardware with a satisfactory result. (Tr. 452). In addition, he found Plaintiff had a post operative fracture dislocation of the right hip which has gone on to aukylosis of 45 degrees. He also found Plaintiff walked with a short leg stance. *Id.* Dr. Chakales' opinion was that Plaintiff needed a total hip replacement. *Id.*

The ALJ has the responsibility to determine which findings are inconsistent and which opinions should be given greater weight than other opinions. *See Brown v. Astrue,* 611 F.3d 941, 951-52. In this matter, the ALJ gave less weight to the opinions of Dr. Chakales and he set forth several reasons in his analysis for doing so. (Tr. 17). The ALJ noted, Dr. Chakales' report was internally inconsistent and conflicted with Plaintiff's testimony regarding his abilities. *Id.* Also, the ALJ gave Dr. Chakales' opinions less weight due to his limited relationship with the Plaintiff. *Id.* The ALJ properly found Dr. Chakales' findings and examination were inconsistent with other

evidence.  As a result, the ALJ did not err in his treatment of Dr. Chakales' opinions.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence.  Accordingly, this Court recommends this case be **AFFIRMED.**

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED** this **3rd day of October 2012.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE