IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

TRAVIS D. ARMISTEAD                                                                      PLAINTIFF

v.                         Case No. 3:11-CV-03129

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                          DEFENDANT

**J U D G M E N T**

Currently before the Court is the Report and Recommendation (Doc. 12) filed on October 3, 2012, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. Also before the Court are Plaintiff's objections (Doc. 13).

Plaintiff objects "to the findings that Plaintiff did not suffer from an impairment which met or was equal to the Listings. Further the Plaintiff objects to the Magistrate's finding that the ALJ properly evaluated Plaintiff's RFC." (Doc. 13). Plaintiff sets forth no basis for his objections, nor does Plaintiff direct the undersigned to any specific portions of the Report and Recommendation that he finds objectionable. The Court finds that Plaintiff's objections are, therefore, lacking any minimal level of specificity required to trigger a *de novo* review of the record in this case. *Belk v. Purkett*, 15 F.3d 803 (8th Cir. ) (while emphasizing the necessity of *de novo* review, indicating that lack of specificity may be an appropriate basis for denying *de novo* review in cases involving extensive records which would make it difficult to focus upon alleged errors if insufficiently directed by the parties).

Furthermore, in his appeal brief, Plaintiff argued two bases for error on the part of the ALJ: (1) that the ALJ did not formulate a proper hypothetical questions to the vocational expert and (2) that the ALJ erroneously substituted his opinion for that of the consulting physician. (Doc. 8). The

Report and Recommendation addresses both contentions at length. It does not appear that the Magistrate made the specific findings objected to by Plaintiff. Rather, the Magistrate concluded, in considering the two contentions raised by Plaintiff, that the ALJ did not err in formulating a hypothetical or in his consideration of the consulting physician's opinion, and that the decision of the ALJ was supported by substantial evidence on the record. Plaintiff's objections, therefore, appear to raise different and far broader issues than were originally presented to the Magistrate. As a result, even if the undersigned were to desire to conduct a *de novo* review, it would be impossible to know where to begin.

The Court finds the Report and Recommendation of the Magistrate to be well-reasoned, and Plaintiff's objections offer neither law nor fact requiring departure from the Report and Recommendation.

Therefore, having reviewed this case, and being well and sufficiently advised, the Court finds that the Report and Recommendation is proper and should be and hereby is **ADOPTED IN ITS ENTIRETY**. Accordingly, the decision of the Administrative Law Judge is **AFFIRMED**. Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

IT IS SO ORDERED this 15th day of November, 2012.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE